IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   16-CR-183 (GLS) |
| | ) |
| v. | ) |
| | ) |
| **AMADO COLON,** | ) |
| | ) |
| **Defendant.** | ) |

### United States' Sentencing Memorandum

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to a term of imprisonment that takes into account the 5-year minimum term of imprisonment that the Court must impose and the Guidelines range of imprisonment.  The United States also requests a 10-year term of supervised release; that the defendant be ordered to pay total restitution in the amount of $25,000; and that the defendant be ordered to pay a total special assessment of $5,400.

On July 27, 2017, pursuant to a plea agreement, the defendant pled guilty to 4 counts of a 15-count indictment: 1 count of distributing child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A); 2 counts of receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A), (b)(1) and 2256(8)(A); and 1 count of possessing child pornography involving prepubescent minors and minors under the age of 12, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(1) and 2256(8)(A).

The defendant is scheduled to be sentenced on November 20, 2017.  He has been in custody since the date of his guilty plea.

1. **Introduction and Factual Background**

The United States adopts the facts as set forth in the Presentence Investigation Report ("PSIR") prepared by the United States Probation Office.  PSIR ¶¶ 5, 10-24.

2. **Statutory Maximum and Minimum Punishments**

Maximum term of imprisonment: 20 years, pursuant to 18 U.S.C. § 2252A(b)(1).

Minimum term of imprisonment: 5 years, pursuant to 18 U.S.C. § 2252A(b)(1).

Maximum fine: $250,000, pursuant to 18 U.S.C. § 3571.

Total special assessment: $5,400, pursuant to 18 U.S.C. §§ 3013, 3014.

Supervised release term: In addition to imposing any other penalty, the sentencing court must require the defendant to serve a term of supervised release of between 5 years and life, to begin after imprisonment.  *See* 18 U.S.C. § 3583(k).  A violation of the conditions of supervised release during that time period may result in the defendant being sentenced to an additional term of imprisonment.

In addition, under the Sex Offender Registration and Notification Act, the defendant, as a result of the convictions in this case, must register as a sex offender, and keep the registration current, in each jurisdiction where the defendant resides, where the defendant is an employee and where the defendant is a student.  For initial registration purposes, the defendant must also register in New York as a result of this conviction, even if the defendant resides in a different jurisdiction.

3.  **Sentencing Guidelines Application**

    3.1    Offense Level

The United States adopts the Sentencing Guidelines calculation set forth in the PSIR, resulting in a Total Offense Level of 34. PSIR ¶¶ 33-48.

    3.2    Criminal History Category

The United States adopts the PSIR's conclusion that the defendant's criminal history category is I. PSIR ¶¶ 49-53.

    3.3    Guidelines Range and Sentence

The defendant's total offense level is 34 and his criminal history category is I. As a result, the Sentencing Guidelines advise that the defendant receive a sentence of between 151 and 188 months of imprisonment. PSIR ¶ 66.

4.  **Forfeiture**

As set forth in the forfeiture allegation of the indictment, and the plea agreement, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, pursuant to 18 U.S.C. § 2253. That includes forfeiture of the following:

    a. Samsung Galaxy SII phone, Model No. SPH-D710, MAC address 38:0A:94:CD:CF:B6;

    b. HP Pavilion a6118x computer, Serial No. CNH7240FF0;

    c. HP 2000 Notebook PC, Model 2000-2d24DX, Serial No. 5CG3415QBM;

    d. HP G60 computer, Model No. G60-519WM, Serial No. 2CE9355K5F;

    e. Samsung Galaxy SII phone, Model No. SPH-D710, MAC Address 14:89:FD:43:B6:60; and

   f. Amazon Kindle, Model No. 001400, D01E A0A0 1452 09K9.

**5.**  **Restitution**

  Restitution from a defendant convicted of an offense under Chapter 110 of Title 18 of the United States Code, which includes possession, receipt and distribution of child pornography, is governed by 18 U.S.C. § 2259. That statute provides in pertinent part that "[t]he order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court . . . ." 18 U.S.C. § 2259(b)(1). Elsewhere, the statute defines "full amount of the victim's losses" to include: any costs incurred by the victim for –

  (A) medical services relating to physical, psychiatric, or psychological care;

  (B) physical and occupational therapy or rehabilitation;

  (C) necessary transportation, temporary housing, and child care expenses;

  (D) lost income;

  (E) attorneys' fees, as well as other costs incurred; and

  (F) any other losses suffered by the victim as a proximate result of the offense.

*Id*. at § 2259(b)(3).

  *Paroline v. United States*, 134 S. Ct. 1710 (2014), addressed the proper means of determining restitution owed by a convicted possessor of child pornography to a victim whose image(s) the offender received and possessed. *Paroline* held that "a [district] court applying § 2259 should order restitution in an amount that comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Id*. at 1727. With respect to child pornography in particular, the Supreme Court was concerned with ensuring that a district court set restitution at an amount that reflects the defendant's causal role in the harm that the victim

has suffered not as a result of the production of child pornography (where the defendant played no role in such production), but in the harm that the victim has suffered as a result of the subsequent possession, downloading and/or distribution of the pornography that depicts his or her abuse.

*Paroline* then offered guidance about "how district courts should go about determining the proper amount of restitution" under § 2259. *Paroline*, 134 S. Ct. at 1727. The decision stated that "a [district court] must assess as best it can from available evidence the significance of the individual defendant's conduct in light of the broader causal process that produced the victim's losses." *Id*. at 1727-28. It recognized, however, that "[t]his cannot be a precise mathematical inquiry and involves the use of discretion and sound judgment." *Id*. at 1728. The Court offered "a variety of factors district courts might consider in determining a proper amount of restitution" but refrained from "prescrib[ing] a precise algorithm for determining the proper restitution amount. . . ." *Id*. The Court noted that these factors "need not be converted into a rigid formula" but instead should "serve as rough guideposts for determining an amount that fits the offense." *Id*.

The Court suggested that "district courts might, as a starting point, determine the amount of the victim's losses caused by the continuing traffic in the victim's images . . . then set an award of restitution in consideration of factors that bear on the relative causal significance of the defendant's conduct in producing those losses." *Paroline*, 134 S. Ct. at 1728. It then provided the following as a non-exclusive list of factors:

- the number of past criminal defendants found to have contributed to the victim's general losses;

- reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses;

- any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will never be caught or convicted);

- whether the defendant reproduced or distributed images of the victim;

- whether the defendant had any connection to the initial production of the images;

- how many images of the victim the defendant possessed; and

- other facts relevant to the defendant's relative causal role.

*Id.*

The *Paroline* Court conceded that the approach it described "is not without its difficulties," and "involves discretion and estimation." *Id.* at 1729. It emphasized the "wide discretion" that "[d]istrict courts routinely exercise . . . in fashioning restitution orders." *Id.*

Before the Court are eight restitution requests.

For ease of reference, what follows is a table summarizing certain key facts concerning the restitution requests:

| Victim identity | Asserted total losses | Amount of restitution sought from the defendant | Minimum number of victim image and video files found on defendant's electronic devices[1] | Number of federal restitution awards previously received as of November 2017[2] | Total amount of the previous federal restitution awards (not necessarily collected) | Approximate average award amount |
|---|---|---|---|---|---|---|
| "Violet" – at school series | $120,154.76 | $10,000 | 2 | 54 | $286,672 | $5,308.74 |
| "Cindy" series | $1,608,707.58 | $150,000 (willing to accept $3,000) | 2 | 366 | $1,456,942.79 | $3,980.72 |
| Lighthouse series – "Casseaopeia" | $1,078,159 | $13,500 | 2 | 160 | $484,501 | $3,028.13 |
| "Jan_Socks" series- Sierra, Savannah, Skylar, Sally | $1,355,729 for 4 victims | $14,000 for 4 victims | 3 | 38 | $259,836 | $6,837.79 |
| Marineland Series - "Sarah" | $2,748,235.19 | $25,000 | 3 | 380 | $1,742,524.86 | $4,585.59 |
| Sweet Sugar Series - "Pia" | At least $100,000 | $5,000 | 6 | 20 | $46,321 | $2,316.05 |
| Sponge B Series - "Andy" | $2,121,963 | $58,415 (willing to accept $3,000) | 7 | 157 | $1,175,373 | $7,486.45 |
| "Vicky" series | $1,195,947.96[3] | $10,000 | 4 | 775 | $11,292,034 (actually collected -- $1,212,000) | $14,570.37 |

---

[1] According to a Child Identification Report from the National Center for Missing and Exploited Children, and provided to defense counsel and Probation.

[2] According to the Department of Justice's Child Exploitation and Obscenity Section, whose statistics are not comprehensive and are based on U.S. Attorney district self-reporting.

[3] In another case pending before this Court, "Vicky" has asserted losses of more than $4 million (16-CR-222 (GLS)). The discrepancy appears to be that the restitution request in this case was filed in 2016, and the request in the other case was filed in 2017.

7

The victims have made compelling presentations concerning the harm they have suffered and how they have been further victimized by the actions of people such as the defendant, who played no role in the production of the pornography depicting their respective abuse. Additionally, the Court should consider that (1) the defendant has not had any communications or physical contact with the victims, and did not participate in the production of the pornography depicting the victims' respective abuse; (2) the images depicting the victims' respective abuse have been widely distributed and downloaded, which both increases their respective losses and creates more potentially liable individuals assuming they are located and prosecuted or sued; (3) the restitution requests are generic, in so far as they understandably do not consider how this particular defendant caused a specific amount of losses; and (4) "Vicky" seeks restitution even though she has collected more restitution in total than her asserted losses in this Court. Additionally, the defendant does not have the ability to pay a fine. PSIR ¶ 64.

In consideration of the foregoing, the United States respectfully requests that the Court order the immediate payment of restitution in the following amounts:

| | |
|---|---|
| "Violet" – at school series | $3,000 |
| "Cindy" series | $3,000 |
| Lighthouse series – "Casseaopeia" | $3,000 |
| "Jan_Socks" series- Sierra, Savannah, Skylar, Sally | $6,000 total for 4 victims |
| Marineland Series - "Sarah" | $3,000 |
| Sweet Sugar Series - "Pia" | $4,000 |
| Sponge B Series - "Andy" | $3,000 |
| "Vicky" series | $0 |

**6.     Sentencing Recommendation**

The United States respectfully requests that the Court sentence the defendant to a term of imprisonment that takes into account the 5-year minimum term of imprisonment that the Court must impose and the Guidelines range of imprisonment. The United States also requests a 10-year term of supervised release; that the defendant be ordered to pay total restitution in the amount of $25,000; and that the defendant be ordered to pay a total special assessment of $5,400.

The United States reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable Guidelines range on a ground not previously identified by the parties or in the PSIR, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(h), (i)(1)(c).

Further, the United States respectfully requests that the Court provide the parties with any ex parte communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

Respectfully submitted this 6th day of November 2017,

> GRANT C. JAQUITH
> Acting United States Attorney
>
>
> By: /s/ Michael Barnett
> Michael Barnett
> Assistant United States Attorney
> Bar Roll No. 519140